# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LEAH WALLACE, STEVEN SUPER, STEPHEN GYSCEK, ALEXYS WILLIAMSON, NICOLE DIGILIO and CHUNG SUK CRISPELL, individually and on behalf of others similarly situated,

        Plaintiff,

v.

HEALTH QUEST SYSTEMS, INC.,

        Defendant.

Case No.: 7:20-CV-00545-(VB)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/27/20
```

## [PROPOSED] ORDER APPOINTING INTERIM CLASS COUNSEL AND THE EXECUTIVE COMMITTEE

The Court has reviewed the Motion and Memorandum of Law in Support to Appoint The Sultzer Law Group, P.C. And Migliaccio & Rathod, LLP, As Interim Co-Lead Counsel For The Class and to Appoint The Executive Committee, as well as the accompanying declarations and exhibits. The Court has determined that appointment of interim class counsel and an executive committee in this proposed class action will promote judicial efficiency, efficient case management, and avoid unnecessary cost and delay.

Having given due consideration to the relevant factors pursuant to Rule 23(g)(1), the Court hereby

GRANTS the motion of Plaintiffs Leah Wallace, Stephen Gyscek, Stephen Super, Alexys Williamson, Nicole Digilio, and Chung Suk Crispell, for Appointment of Interim Co-Lead Class

8

Counsel and the Executive Committee, and therefore it is hereby

ORDERED that the following are appointed and shall serve as Plaintiffs' Interim Co-Lead Class Counsel, in accordance with Federal Rule of Civil Procedure 23(g)(3):

1. Jason Sultzer, Esq
   THE SULTZER LAW GROUP, P.C
   85 Civic Center Plaza, Suite 200
   Poughkeepsie, New York 12601

   and

2. Nicholas A. Migliaccio, Esq. and Jason S. Rathod, Esq.
   MIGLIACCIO & RATHOD LLP
   412 H Street NE, Ste. 302
   Washington, DC 20002

To assist Messrs. Sultzer, Migliaccio, and Rathod in their capacity as Plaintiffs' Interim Co- Lead Class Counsel, it is further

ORDERED that the following are appointed and shall serve as Plaintiffs' Executive Committee:

1. James R. Peluso, Esq.
   DREYER BOYAJIAN, LLP
   75 Columbia Street
   Albany, NY 12210

It is further

ORDERED that Plaintiffs' Interim Co-Lead Class Counsel will be responsible for and have plenary authority to prosecute any and all claims of the Plaintiffs and putative class and to provide general supervision of the activities of Plaintiffs' Counsel in the Consolidated Action.

Specifically, Interim Co-Lead Class Counsel, in consultation with the Executive Committee, shall have the following responsibilities, duties and sole authority:

A. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

B. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

C. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the Southern District of New York;

D. Consult with and employ expert witnesses;

E. Draft and file the motion for class certification on behalf of Plaintiffs and the putative class;

F. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

G. Enter into Stipulations with Defendants;

H. Sign all papers filed on behalf of Plaintiffs and the putative class;

I. Convene meetings of all Plaintiffs' counsel, as necessary;

J. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

K. Conduct settlement negotiations with Defendants, and if there is a settlement, propose a claims protocol and/or plan of allocation;

L. Maintain an up-to-date service list of all Plaintiffs' counsel for all Consolidated Cases, and promptly advise the Court and Defendants' counsel of changes thereto;

M. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

N. Appear at Court-noticed status conferences;

O. Be the contact persons for all Plaintiffs' counsel and as the attorneys of record with

whom the Court will be dealing throughout the course of the litigation;

P.  Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

Q.  Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the Interim Co-Lead Class Counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

R.  Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work Interim Co-Lead Class Counsel has specifically authorized, and submit at the Court's request in writing, ex parte and in camera reports to the Court regarding time billed in the prosecution of this action;

It is further

ORDERED that the Executive Committee shall meet and confer as needed regarding the completion of Plaintiffs' pretrial and trial activities. In consultation with interim co-lead class counsel, the Executive Committee may establish subcommittees to aid in the effective and efficient conduct of this litigation. The Executive Committee shall participate in the determination of any significant matters that arise in the litigation.

It is further

ORDERED that Plaintiffs' counsel in the Consolidated Action are prohibited from taking an action on behalf of the Class in this Consolidated Action without advance authorization from Interim Co-Lead Class Counsel, except for an application to modify or be relieved from this Order. Interim Co-Lead Class Counsel will staff the case efficiently on an as-needed basis, with staff of

appropriate seniority, skill set and expertise; and it is further

ORDERED that the mere communication of otherwise privileged information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product immunity, as the Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation; and it is further

ORDERED that counsel for all parties are directed to cooperate with one another, wherever possible, to promote the expeditious handling of pre-trial proceedings in the Consolidated Action, and to conduct themselves in a manner consistent with the Civility Principles of the United States District Court for the Southern District of New York.

ORDERED that this Order shall apply to any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case.

SO ORDERED.

_____
VINCENT L. BRICCETTI
United States District Judge

Dated: __7/27__, 2020
White Plains, New York

*The Clerk is instructed to terminate the motion. (Doc. #36).*

8