UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

LEAH WALLACE, STEVEN SUPER, STEPHEN GYSCEK, ALEXYS WILLIAMSON, NICOLE DIGILIO, and CHUNG SUK CRISPELL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HEALTH QUEST SYSTEMS, INC.,

Defendant.

Case No. 7:20-CV-00545 (VB)

**STIPULATED PROTECTIVE ORDER**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**IT IS HEREBY STIPULATED** by and between Plaintiffs Leah Wallace, Steven Super, Stephen Gyscek, Alexys Williamson, Nicole Digilio, and Chung Suk Crispell ("Plaintiffs"), by and through their counsel of record, and Defendant Health Quest Systems, Inc. ("Defendant") (together with Plaintiffs, the "Parties"), that in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

1. Discovery in the above-entitled action may involve production of confidential or private information, including, but not limited to, personally identifying health information of patients, for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation is warranted. The Parties acknowledge that Defendant is a health care entity that possesses "Protected Health Information," as defined by the Health Insurance Portability and Accountability Act ("HIPAA," 45 C.F.R. § 160.103 and its related sections), in its electronic and other records. In order to produce any records containing such "Protected Health Information," a "Qualified Protective Order" needs to be entered by the Court pursuant to 45 C.F.R. § 164.512(e). The Parties agree that, once adopted, this Stipulated

Protective Order ("Protective Order") will constitute a Qualified Protective Order under 45 C.F.R. § 164.512(e).

    2.    In this Protective Order, the words set forth below shall have the following meanings:

    a.    "Proceeding" means the above-entitled proceeding, Case No. 7:20-CV-00545 (VB).

    b.    "Court" means U.S. District Judge Vincent L. Briccetti, U.S. Magistrate Judge Paul E. Davison and/or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c.    "Confidential" means any Documents, Testimony, or Information in the possession of a Designating Party who believes in good faith that such Documents, Testimony, or Information is entitled to confidential treatment under applicable law. "Confidential" information shall include, but is not limited to: (1) personal information about any individual, including financial, medical, and employment information; (2) protected health information under state or federal law; and/or (3) information pertaining to Defendant's current or former electronic network configurations, including real or potential vulnerabilities thereof, that could be used by third parties to Defendant's detriment.

    d.    "Confidential Materials" means any Documents, Testimony, or Information designated as "Confidential" pursuant to the provisions of this Protective Order.

    e.    "Highly Confidential" means any Documents, Testimony, or Information that belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a reasonable risk of financial harm, competitive disadvantage, or other injury that cannot be avoided by less restrictive means. Any Documents, Testimony, or Information designated as "Highly Confidential" shall also be deemed to have been designated "Confidential."

f. "Highly Confidential Materials" means any Documents, Testimony, or Information designated as "Highly Confidential" pursuant to the provisions of this Protective Order.

g. "Designating Party" means the Party that designates Documents, Testimony, or Information, as defined below, as "Confidential" or "Highly Confidential."

h. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

i. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence 1001, which have been produced in discovery in this Proceeding by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

j. "Information" means the content of Documents or Testimony.

k. "Professional Vendors" means persons or entities specifically engaged for the limited purpose of providing litigation support services (e.g., ESI vendors; photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; investigators and consultants) and their employees and subcontractors, but only after such persons have completed the Declaration attached hereto and agree to be bound by its terms.

l. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

3. The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means.

4. All subsequently-created derivative documents such as summaries, charts, and notes that contain or discuss Confidential or Highly Confidential Materials in a manner that

discloses the content of the Confidential or Highly Confidential Material (collectively, the "Derivative Materials") shall be protected and governed by the provisions of this Order to the same extent and on the same basis as the underlying Confidential or Highly Confidential Material itself.

5. The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work-product doctrine, or other privileges, or any Party's right to contest any such assertion.

6. Any Documents, Testimony, or Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced. The parties may agree that a case name and number are to be part of the "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated material.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Highly Confidential" Information

may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

        c.      For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Highly Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

        d.      For electronically stored information ("ESI"), the Designating Party must either (1) if the ESI is produced in .TIFF format (or similar format, as agreed by the Parties), affix the legend "Confidential" or "Highly Confidential" on each page of the ESI containing such designated material; or (2) if the ESI is produced in native format, affix the legend "Confidential" or "Highly Confidential" on the slip-sheet.

        e.      One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it meets the definition of that term, as defined in this Protective Order. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation.

        f.      A document which is not designated "Confidential" or "Highly Confidential" or has been adjudged to not be protected by a competent court of law is not subject to the provisions of this order. Nothing in this confidentiality order shall be construed to be a limitation on counsel in their respective representation of any client.

        7.      The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony, ESI or Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party

shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony, ESI or Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production, together with a further copy of the subject Document, Testimony, ESI or Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, ESI or Information shall promptly destroy the inadvertently produced Document, Testimony, ESI or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony, ESI or Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly Confidential" materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony, ESI or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Document, Testimony, ESI or Information protected by attorney-client or work product privileges.

8. The Parties agree and stipulate that the disclosure or production of Documents by a producing Party that are subject to a legally recognized claim of privilege ("Non-Discoverable Information") pursuant to this Order as well as any clawback, including without limitation the attorney-client privilege and the work-product doctrine, to the receiving Party, shall, in no way, constitute the voluntary disclosure of such Non-Discoverable Information. The disclosure or production of any Non-Discoverable Information in this Litigation shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Non-Discoverable Information as to the receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, in this and in any state or federal proceeding. For

avoidance of doubt, the Parties wish to protect against the waiver of applicable privileges and work product protections to the fullest extent possible pursuant to Federal Rule of Evidence 502(d).

9. If the disclosing Party discovers that it has disclosed Non-Discoverable Information, it shall, as soon as practicable after learning that such information was produced, notify the receiving Party in writing of the disclosure and identify all such Non-Discoverable Information. Within ten (10) business days of receipt of such notice, each Party to which notice is directed: (a) must return, sequester, or destroy the Non-Discoverable Information and any copies; (b) must not use or disclose the Non-Discoverable Information until the claim is resolved; (c) must take reasonable steps to return the Non-Discoverable Information if the Party disclosed it before being notified; (d) may promptly present the Non-Discoverable Information to the Court for a determination of the claim, and pending that determination sequester the specified information and any copies thereof (a "Privilege Motion"); and (d) must provide a written certification of counsel that all such Non-Discoverable Information has been returned, sequestered, or destroyed.

10. Any Privilege Motion to the Court: (a) shall be filed under seal; and (b) shall not assert as a ground for granting the motion the fact or circumstances of the production, nor shall the Court enter an order compelling production of the Non-Discoverable Information based in any way on the fact that the information was produced.

11. Within five (5) business days of the notification that such Non-Discoverable Information has been returned, sequestered or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Non-Discoverable Information setting forth all of the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii).

12. The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Non-Discoverable Information. Nothing in this paragraph shall limit the right of any Party to petition the Court for an in-camera review of the Non-Discoverable Information.

13. In the event that counsel for a Party receiving Documents, Testimony, ESI or Information in discovery designated as "Confidential" or "Highly Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony, ESI or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, ESI or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, ESI or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony, ESI or Information at issue in such Designation Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Highly Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, ESI or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

14. Access to and/or Disclosure of Confidential Materials shall be permitted only to the following persons or entities:

    a. the Court;

    b. (1) Attorneys of record in the Proceeding and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceeding and are not employees of any Party; (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel; provided, however, that each non-lawyer working with in-house counsel who is given access to Confidential Materials shall be advised that such materials are being Disclosed pursuant to, and are subject to,

the terms of this Protective Order and that they may not be Disclosed other than pursuant to its terms;

  c. the Parties and those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

  e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

  f. any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that prior to the Disclosure of Confidential Materials to any such witness, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

  g. mock jury participants; provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.

    h.  outside experts, including Professional Vendors or expert consultants and their staff consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert, expert consultant or staff of such experts, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    i.  any other person or entity that the Designating Party agrees to in writing.

 15. Access to and/or Disclosure of Highly Confidential Materials shall be permitted only to the following persons or entities:

    a.  Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

    b.  outside experts, including Professional Vendors or expert consultants and their staff consulted by the undersigned Parties or their counsel in connection with the Proceeding,

whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Highly Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Highly Confidential Materials. It shall be the obligation of Trial Counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify Trial Counsel for the Designating Party of such breach or threatened breach;

    c. any person who authored, received, saw or was otherwise familiar with Documents, Testimony, or Information or thing designated "Highly Confidential," including any person otherwise familiar with the Highly Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

    d. court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    e. any deposition, trial, or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

    f. any other person or entity that the Designating Party agrees to in writing; and

    g. the Court.

  16. Confidential Materials and Highly Confidential Materials shall be used by the persons or entities receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

17. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

18. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

   a. operate as an admission by any person that any particular Document, Testimony, or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

      i. to seek a determination by the Court of whether any particular Confidential Materials or Highly Confidential Materials should be subject to protection under the terms of this Protective Order; or

      ii. to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Protective Order, either generally or as to any particular Document, Material or Information.

19. Any Party to the Proceeding who has not executed this Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Protective Order.

20. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" or "Highly Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also

function as consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

21. If any person subject to this Protective Order who has custody of any Confidential Materials or Highly Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of such materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials or Highly Confidential Materials, and/or seek to obtain confidential treatment of such materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Confidential Materials or Highly Confidential Materials pursuant to the Subpoena prior to the date specified for production on the Subpoena.

22. Nothing in this Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials or Highly Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

23. If, after execution of this Protective Order, any Confidential Materials or Highly Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials or Highly Confidential Materials to the immediate attention of the Designating Party.

24. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials or Highly Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials or Highly Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

25. The Parties agree that if any Confidential Materials or Highly Confidential Materials are included in connection with discovery to other parties, that service of the Confidential Materials or Highly Confidential Materials will be through secure electronic mail.

26. The Parties shall meet and confer regarding the procedures for use of any Confidential Materials or Highly Confidential Materials at trial or for use in any motion practice before the Court and shall move the Court for entry of an appropriate order sealing any Confidential Materials or information relating thereto. In the event that an emergency motion needs to be filed that includes such Confidential Materials, the moving party shall be required to file a motion to seal any Confidential Materials or information relating to the Confidential Materials in conjunction with the emergency motion and must attempt to meet and confer with counsel for the Designating Party. In no event shall the Confidential Materials and information relating thereto be filed on the public record, absent an order requiring the same.

27. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials or Highly Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of any Confidential Materials or Highly Confidential Materials.

28. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain

jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

29. The undersigned Parties shall have thirty (30) days following written request made after settlement or other termination of the Proceeding to either (a) promptly return to counsel for each Designating Party all Confidential Materials and Highly Confidential Materials, and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Documents, Testimony, ESI or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

30. Notwithstanding the above requirements to return or destroy documents, Plaintiffs' outside counsel and Defendant's outside counsel may retain (1) work product, including an index that refers or relates to Confidential Materials and Highly Confidential Materials so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, deposition and trial transcripts, and deposition and trial exhibits. Any retained Confidential Materials and Highly Confidential Materials shall continue to be protected under this Protective Order. An attorney may use his or her work product in subsequent litigation, provided that the attorney's use does not disclose or use Confidential Information or Highly Confidential Information.

31. After this Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with

regard to any Confidential Materials or Highly Confidential Materials that have been produced before the Court signs this Protective Order.

32. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Protective Order pending its entry so as to allow for potential production of Confidential Materials and Highly Confidential Materials under the terms herein.

This Protective Order may be executed in counterparts.

**IT IS SO STIPULATED.**

Dated: May 26, 2021

| | |
|---|---|
| /s/ *Jason S. Rathod (with permission)* | /s/ *Casie D. Collignon* |
| Jason P. Sultzer<br>THE SULTZER LAW GROUP, P.C.<br>270 Madison Avenue, Suite 1800<br>New York, New York 10016<br>Telephone: (845) 483-7100<br>Facsimile: (888) 749-7747<br>Email: sultzerj@thesultzerlawgroup.com<br><br>Nicolas A. Migliaccio<br>Jason S. Rathod<br>MIGLIACCIO AND RATHOD LLP<br>412 H St NE, Suite 302<br>Washington, DC 20002<br>Telephone: 202-470-3520<br>Email: nmigliaccio@classlawdc.com<br>jrathod@classlawdc.com<br><br>James R. Peluso, Jr.<br>DREYER BOYAJIAN LLP<br>75 Columbia Street<br>Albany, New York 12210<br>Telephone: 518-463-7784<br>Facsimile: 518-463-4039<br>Email: jpeluso@dreyerboyajian.com<br><br>*Counsel for Plaintiffs* | Casie D. Collignon (admitted *pro hac vice*)<br>Sean B. Solis (admitted *pro hac vice*)<br>BAKER & HOSTETLER LLP<br>1801 California Street, Suite 4400<br>Denver, Colorado 80202-2662<br>Telephone: 303-764-4060<br>Facsimile: 303-861-7805<br>Email: ccollignon@bakerlaw.com<br>ssolis@bakerlaw.com<br><br>Edward J. Jacobs<br>BAKER & HOSTETLER LLP<br>45 Rockefeller Plaza<br>New York, New York 10111<br>Telephone: 212-589-4200<br>Facsimile: 212-589-4201<br>Email: ejacobs@bakerlaw.com<br><br>*Counsel for Defendant Health Quest Systems, Inc.* |

**ORDER GRANTING
STIPULATED PROTECTIVE ORDER**

**IT IS SO ORDERED**

_____
VINCENT L. BRICCETTI, U.S.D.J.

Dated: <u>May 26, 2021</u>

# EXHIBIT A

## DECLARATION OF COMPLIANCE

*Wallace, et al. v. Health Quest Systems, Inc.*
**United States District Court, Southern District of New York**
**Case No. 7:20-CV-00545 (VB)**

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials and/or Highly Confidential Materials supplied in connection with the Proceeding, 7:20-CV-00545 (VB), I certify that I understand that the Confidential Materials and/or Highly Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that the Confidential Materials and Highly Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials or Highly Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials and Highly Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such materials will be returned to counsel who provided me with such materials.

I declare under penalty of perjury, under the laws of the State of New York, that the foregoing is true and correct. Executed this \_\_\_\_\_ day of _____, 20\_\_, at _____.

DATED:_____  BY:  _____
                                          Signature

                                          _____
                                          Title

                                          _____
                                          Address

                                          _____
                                          City, State, Zip

                                          _____
                                          Telephone Number